# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **HEALTH DIAGNOSTIC LABORATORY, INC.,** *et al.*, | **Case No. 15-32919 (KRH)** |
| | **(Jointly Administered)** |
| **Debtors.**[1] | |
| **HEALTH DIAGNOSTIC LABORATORY, INC.,** | **Adv. Pro. No. 16-03011 (KRH)** |
| **Plaintiff,** | |
| **v.** | |
| **TRUE HEALTH DIAGNOSTICS, LLC, and JEFFREY P. "BOOMER" CORNWELL,** | |
| **Defendants.** | |

**TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
CAUSE FOR WILLFUL VIOLATIONS OF THE AUTOMATIC STAY**

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728) and Integrated Health Leaders, LLC (2434).

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
Shannon E. Daily (VSB No. 79334)

*Counsel to the Debtors
and Debtors in Possession*

This matter came before the Court on the motion (the "Motion") of Plaintiff Health Diagnostic Laboratory, Inc. ("HDL" or "Plaintiff"), for a temporary restraining order and order requiring the Defendants to show cause for willful violations of the automatic stay, and a subsequent preliminary injunction, pursuant to Rules 7065, 9014, and 9020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Through these Orders HDL seeks injunctive relief (i) prohibiting Defendants True Health Diagnostics, LLC ("True Health") and Jeffrey P. "Boomer" Cornwell ("Mr. Cornwell"; and together with True Health, the "Defendants") from taking any actions to interfere with the Debtors' collection of the Excluded Receivables,[2] including without limitation enjoining the Defendants from contacting physicians, groups of physicians, related entities, patients, or any other persons or entities concerning the Excluded Receivables, (ii) requiring True Health to specifically perform its obligations in accordance with the terms of the APA, including by providing HDL with access to the books and records related to the Excluded Receivables, and collecting the Purchased Receivables and paying HDL the amounts owed from the collections of the Purchased Receivables, and (iii) requiring the Defendants to show cause as to why they should not be held in contempt, and holding Defendants in contempt, for their ongoing willful violations of the automatic stay until such time as the Defendants withdraw the Cease and Desist Letters, the TH Doctor Memos and all similar correspondence, and all other damages sustained by HDL are reimbursed by Defendants. Upon consideration of the Motion and all responses or objections thereto, if any, statements of counsel at the hearing to consider the Motion, the evidence adduced at the hearing, and any other evidence or documents filed in response to, or in support of, the Motion, it is hereby

FOUND AND DETERMINED THAT:

---

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion or the Complaint.

    A.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

    B.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

    C.       Notice of the Motion was sufficient under the circumstances.

    D.       HDL has established a likelihood of success on the merits of HDL's claims set forth in the Complaint.

    E.       Absent a temporary restraining order (i) restraining the Defendants from taking any actions to tortiously interfere with the ARM Agreement or the Patient Obligations by prohibiting the Defendants from attempting to prevent the collection of the Excluded Receivables, including without limitation enjoining the Defendants from contacting physicians, groups of physicians, related entities, patients, or any other persons or entities concerning the Excluded Receivables; (ii) requiring the Defendants to withdraw the Cease and Desist Letters, the TH Doctor Memos, and any similar correspondence; (iii) granting a mandatory injunction pursuant to Bankruptcy Rule 7065 requiring True Health to comply with the terms of the APA and the Note, including by (a) providing HDL with access to the books and records related to the Excluded Receivables and (b) collecting the Purchased Receivables and paying to HDL the amounts owed to HDL related to the Purchased Receivables, HDL will suffer irreparable harm.

    F.       HDL has no adequate remedy at law.

    G.       The potential harm to HDL's estate absent a temporary restraining order outweighs any harm to Defendants from (i) restraining the Defendants from taking any actions to tortiously interfere with the ARM Agreement or the Patient Obligations by prohibiting the Defendants from attempting to prevent the collection of the Excluded Receivables, including without limitation enjoining the Defendants from contacting physicians, groups of physicians, related entities, patients, or any other persons or entities concerning the Excluded Receivables; (ii) requiring the

Defendants to withdraw the Cease and Desist Letters, the TH Doctor Memos, and any similar correspondence; and (iii) granting a mandatory injunction pursuant to Bankruptcy Rule 7065 requiring True Health to comply with the terms of the APA and the Note, including by (a) providing HDL with access to the books and records related to the Excluded Receivables and (b) collecting the Purchased Receivables and paying to HDL the amounts owed to HDL related to the Purchased Receivables.

H. The public interest is supported by a temporary restraining order (i) restraining the Defendants from taking any actions to tortiously interfere with the ARM Agreement or the Patient Obligations by prohibiting the Defendants from attempting to prevent the collection of the Excluded Receivables, including without limitation enjoining the Defendants from contacting physicians, groups of physicians, related entities, patients, or any other persons or entities concerning the Excluded Receivables; (ii) requiring the Defendants to withdraw the Cease and Desist Letters, the TH Doctor Memos, and any similar correspondence; and (iii) granting a mandatory injunction pursuant to Bankruptcy Rule 7065 requiring True Health to comply with the terms of the APA and the Note, including by (a) providing HDL with access to the books and records related to the Excluded Receivables and (b) collecting the Purchased Receivables and paying to HDL the amounts owed to HDL related to the Purchased Receivables.

I. The Defendants' tortious interference with the ARM Agreement and the Patient Obligations, and the Defendant's efforts to prevent the collection of the Excluded Receivables, including without limitation through the Cease and Desist Letters and the TH Doctor Memos constitute willful violations of the automatic stay.

Accordingly, the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein,

It is hereby ORDERED that:

1. The Motion is **GRANTED**.

2. Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3. The Defendants are hereby temporarily restrained, enjoined, and prohibited from taking any further action tortiously interfering with the ARM Agreement or the Patient Obligations, and from attempting to prevent the collection of the Excluded Receivables, including without limitation any actions to contact physicians, groups of physicians, related entities, patients, or any other persons or entities concerning the Excluded Receivables.

4. The Defendants shall withdraw the Cease and Desist Letters, the TH Doctor Memos, and any similar correspondence within three (3) business days of the entry of this Order.

5. The Defendants shall be required, at the hearing on the Preliminary Injunction requested in the Motion, to show cause as to why they should not be sanctioned for civil contempt for willfully violating the automatic stay.

6. True Health is hereby temporarily and mandatorily enjoined and required to comply with the terms of the APA and the Note, including by (a) providing HDL with access to the books and records related to the Excluded Receivables and (b) collecting the Purchased Receivables and paying to HDL the amounts owed to HDL related to the Purchased Receivables.

7. Pursuant to Bankruptcy Rule 7065, HDL shall not be required to give any security as provided in Rule 65(c) of the Federal Rules of Civil Procedure.

8. The requirement under Local Bankruptcy Rule 9013-1(G) to file a separate memorandum of law in connection with the Motion is hereby waived.

9. This Order shall be effective immediately upon entry by the Court and shall expire without further order of this Court on the earlier of (i) fourteen (14) days from the date of entry of this Order; or (ii) the date the Court enters a preliminary injunction based on the Motion.

10. HDL shall serve a copy of this Order on counsel to the Defendants, by electronic mail and overnight courier, immediately upon its entry, and file a notice of such service with the Court.

Dated: <u>Feb 4 2016</u>, 2016
Richmond, Virginia

/s/ Kevin R. Huennekens
United States Bankruptcy Judge

Entered on Docket: Feb 5 2016

WE ASK FOR THIS:

*/s/ Jason W. Harbour*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
Shannon E. Daily (VSB No. 79334)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218

*Counsel to the Debtors
and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Jason W. Harbour*