# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **HEALTH DIAGNOSTIC LABORATORY, INC.**, *et al.*, | **Case No. 15-32919 (KRH)** |
| | **(Jointly Administered)** |
| Debtors.[1] | |
| **HEALTH DIAGNOSTIC LABORATORY, INC.,** | Adv. Pro. No. 16-03011 (KRH) |
| Plaintiff, | |
| v. | |
| **TRUE HEALTH DIAGNOSTICS, LLC, and JEFFREY P. "BOOMER" CORNWELL,** | |
| Defendants. | |

**ORDER EXPEDITING CONSIDERATION OF, AND SHORTENING THE NOTICE PERIOD APPLICABLE TO, MOTION OF PLAINTIFF FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Health Diagnostic Laboratory, Inc. (0119), Central Medical Laboratory, LLC (2728) and Integrated Health Leaders, LLC (2434).

HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
Shannon E. Daily (VSB No. 79334)

*Counsel to the Debtors
and Debtors in Possession*

**ORDER TO SHOW CAUSE FOR WILLFUL VIOLATIONS OF THE
AUTOMATIC STAY, AND MEMORANDUM IN SUPPORT**

Upon the motion (the "Motion")[2] of Plaintiff Health Diagnostic Laboratory, Inc. ("HDL"), for entry of an order, the proposed form of which is attached hereto as Exhibit A (the "Order"), pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9013-1(N) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Virginia (the "Local Rules") and section 105(a) of the United States Bankruptcy Code (the "Bankruptcy Code") expediting consideration of, and shortening the notice period applicable to, *Motion of Plaintiff for a Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause for Willful Violations of the Automatic Stay, and Memorandum in Support* [Doc. No. 3] (the "TRO Motion")[3] so that (i) the temporary restraining order and order to show cause requested therein can be considered at a hearing before the Court as soon as possible after the filing of this Motion (the "TRO Hearing"), and (ii) the preliminary injunction and civil contempt order requested therein can be considered at a hearing not more than two (2) weeks after the date of the hearing on the temporary restraining order (the "Preliminary Injunction Hearing"), and establishing a response deadline for the relief requested at the Preliminary Injunction Hearing of 4:00 p.m. on the date that is three business days before the Preliminary Injunction Hearing; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[3] HDL is filing the TRO Motion contemporaneously with the filing of this Motion. Capitalized terms used, but not otherwise defined herein, shall have the meanings set forth in the TRO Motion.

2

Debtors, their estates and creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is hereby GRANTED.

2. The temporary restraining order and order to show cause requested in the TRO Motion shall be heard at the hearing scheduled on **February 4, 2016, at 11:00 a.m. (prevailing Eastern Time)**.

3. The preliminary injunction requested in the TRO Motion shall be heard at the hearing scheduled on **February 16, 2016, at 10:00 a.m. (prevailing Eastern Time)**

4. The deadline to respond to the preliminary injunction requested in the TRO Motion is **February 12, 2016, at 4:00 p.m. (prevailing Eastern Time)**.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

8. HDL is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

3

Feb 4 2016
Dated:_____, 2015


/s/ Kevin R. Huennekens
─────────────────────────────
UNITED STATES BANKRUPTCY JUDGE


Entered on Docket:  Feb 5 2016

WE ASK FOR THIS:

*/s/ Jason W. Harbour*
Tyler P. Brown (VSB No. 28072)
Jason W. Harbour (VSB No. 68220)
Henry P. (Toby) Long, III (VSB No. 75134)
Shannon E. Daily (VSB No. 79334)
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219
Tel:  (804) 788-8200
Fax:  (804) 788-8218

*Counsel to the Debtors*
*and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Jason W. Harbour*